| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

OSCAR CHICAS, ANA GONZALES, JOSE §
ALFARO, ERIC ALFARO, MARIA §
CHICAS, and MARIA ALFARO, §
　　　　　　　　　　　　　　　　　§
　　　　Plaintiffs, §
　　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 1:16-CV-201
　　　　　　　　　　　　　　　　　§
UNION TANK CAR COMPANY and JEFF §
BERG, §
　　　　　　　　　　　　　　　　　§
　　　　Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Union Tank Car Company's ("UTCC") Motion for Summary Judgment (#39) in which UTCC seeks summary judgment on all claims asserted against it. Having considered the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that summary judgment is warranted.

I.　Background

UTCC owns a railcar repair facility in Cleveland, Texas. The facility includes railroad tracks used to facilitate the movement of railcars on site. At some point in 2013, UTCC contracted with Bayou City Rail ("Bayou") to perform maintenance and repair work on the railroad tracks at the Cleveland facility. Oscar Alfaro ("Alfaro"), an employee of Bayou, was the foreman in charge of the Bayou crew working on this project. On October 23, 2013, Alfaro was operating a backhoe, which was owned and maintained by Bayou. As Alfaro exited the backhoe, he threw a piece of metal scrap into the cab, striking a lever and activating the boom on the

backhoe.  The boom swung around and pinned Alfaro between the boom and the backhoe outrigger.  Alfaro died as a result of this incident.[1]

On August 19, 2015, Plaintiffs, as wrongful death beneficiaries and on behalf of the Estate of Alfaro, filed suit against UTCC, asserting claims of gross negligence.[2]  Plaintiffs contend that UTCC "failed to own, control, supervise, maintain, and inspect the [backhoe], in a reasonable manner, thereby causing the fatal injuries to Oscar Alfaro."  On February 17, 2017, UTCC designated Bayou as a responsible third party, asserting that, as Alfaro's employer, Bayou was responsible for training, instructing, and supervising him.  Despite Plaintiffs' opposition, the court deemed such designation timely on March 29, 2017.  Thereafter, on April 21, 2017, UTCC filed the instant motion alleging that Plaintiffs cannot meet their burden under § 95.003 of the Texas Civil Practice and Remedies Code and, therefore, UTCC is entitled to judgment as a matter of law.  In response, Plaintiffs maintain that genuine disputes of material fact exist with regard to whether UTCC:  (1) exercised control over Alfaro's work; (2) had knowledge of the danger or condition on its premises—*i.e.* the backhoe's malfunctioning; and (3) failed to warn of such danger or condition adequately.

---

[1] Alfaro was alone at the time of his fatal accident.  Thus, there were no witnesses to the events leading up to his death.  Nevertheless, the parties agree that, based on the evidence, this is the most likely scenario.  In any event, the precise manner in which he was killed is not dispositive of the issues before the court.

[2] The entire procedural history of this case is described in the court's previous Memorandum and Orders (#s 30, 35); thus, it is not necessary to reiterate it here.

II.  Analysis

   A.  Evidentiary Objections

As an initial matter, UTCC objects to several portions of Plaintiffs' summary judgment evidence on the basis of hearsay. Evidence offered for or against summary judgment is subject to the same standards and rules that govern the admissibility of evidence at trial. *Reeves v. Wells Fargo Home Mortg.*, 544 F. App'x 564, 569 (5th Cir. 2013) (citing *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 650 n.3 (5th Cir. 1992)); *Okpala v. City of Houston*, 397 F. App'x 50, 55 n.15 (5th Cir. 2010); *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 387-88 (5th Cir. 2009). "Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial." *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) (citing *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987)); *see Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005); *Okoye v. Univ. of Tex. Health Sci. Ctr.*, 245 F.3d 507, 510 (5th Cir. 2001); *Garcia v. Reeves Cty.*, 32 F.3d 200, 203 (5th Cir. 1994).

Here, UTCC contends that three excerpts from Plaintiff Eric Alfaro's ("Eric") deposition are hearsay because they include discussions between Alfaro and David Lawrence ("Lawrence"), a UTCC employee. Specifically, Eric testified that Alfaro never knew what his work duties would be until he reported to Lawrence, who would instruct him on what his crew was to do for the day.[3] These statements, arguably, are not submitted for the truth of the matter asserted but merely to reflect the control retained by UTCC over the way in which Alfaro and other Bayou employees

---

[3] Eric, who also worked for Bayou on the UTCC project, was present in the same room during these meetings.

3

carried out their work on UTCC's premises. Therefore, they are not hearsay. FED. R. EVID. 801(c). In any event, any statements made by Lawrence that are offered for the truth of the matter asserted are nonetheless admissible. A statement made by an employee of the opposing party within the scope of that relationship qualifies as an admission of a party opponent and, therefore, is admissible to defeat summary judgment. *See* FED. R. EVID. 801(d)(2)(D); *McMann v. Greystar Mgmt. Servs., LP*, No. 1:12-CV-909, 2013 WL 6243847, at *4 n.1 (W.D. Tex. Dec. 2, 2013). Accordingly, UTCC's objections to the aforementioned portions of Eric's deposition are OVERRULED.

Additionally, UTCC objects to an interview given by Jeff Trevino ("Trevino"), a manager at Bayou, to OSHA after Alfaro's accident. Because this interview contains out-of-court statements offered for their truth, the court will disregard it. Consequently, UTCC's objection to Trevino's interview is SUSTAINED and the exhibit is STRUCK.

B.  Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *accord Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484

(5th Cir. 2014), *cert. denied*, 135 S. Ct. 2804 (2015); *Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 407 (5th Cir. 2012).

"A fact issue is material if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016); *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014); *accord Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). "Factual disputes that are irrelevant or unnecessary will not be counted." *Tiblier*, 743 F.3d at 1007 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Hudspeth v. City of Shreveport*, 270 F. App'x 332, 334 (5th Cir. 2008) (quoting *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001)). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren*, 820 F.3d at 771 (quoting *Anderson*, 477 U.S. at 248); *Tiblier*, 743 F.3d at 1007; *accord Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013). The moving party, however, "need not negate the elements of the nonmovants' case." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once a proper motion has been made, the nonmoving parties may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Distribuidora*

5

*Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). The court must "review the record 'taken as a whole.'" *Black v. Pan Am. Labs., LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))); *see City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). All the evidence must be construed in the light most favorable to the nonmoving parties, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Tiblier*, 743 F.3d at 1007; *see Hefren*, 820 F.3d at 771. The evidence of the nonmovants is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in their favor. *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (citing *Anderson*, 477 U.S. at 255); *Hemphill*, 805 F.3d at 538; *Pioneer Expl., L.L.C.*, 767 F.3d at 511.

Furthermore, unlike Texas law, federal law does not recognize "no evidence" motions for summary judgment. *See* FED. R. CIV. P. 56(a). Although UTCC acknowledges this, it nonetheless maintains that it "is entitled to summary judgment under a no evidence standard" because Plaintiffs have "no evidence" to support any of the elements under their cause of action. The concept of a "no evidence" summary judgment, however, "neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure." *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 942, 948 (S.D. Tex. 2005). Rather, "federal law contemplates a shifting burden" in which the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Id.* Thus, to the extent UTCC seeks a "no evidence" summary judgment,

that request is denied. Instead, the court will analyze UTCC's motion under the burden-shifting framework of Rule 56.

C. Liability for Injuries to Independent Contractors

The liability of property owners for injuries to contractors and subcontractors is governed by Chapter 95 of the Texas Civil Practice and Remedies Code. Section 95.003 provides:

> A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:
>
> (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and
>
> (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

TEX. CIV. PRAC. & REM. CODE § 95.003.

Thus, § 95.003 requires that a plaintiff adduce evidence that the defendant actually knew of the dangerous condition, not merely evidence that the defendant should have known about it, in order to overcome the statutory protection provided by Chapter 95. *See* TEX. CIV. PRAC. & REM. CODE § 95.003(2). "In other words, the burden [ ] rests upon the plaintiff to show both (1) control *and* (2) actual knowledge of the danger. These are two independent and necessary conditions to the imposition of liability." *Dyall v. Simpson Pasadena Paper Co.*, 152 S.W.3d 688, 699 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

Section 95.002 contains the following provision regarding the statute's applicability:

This chapter applies only to a claim:

>    (1) against a property owner, contractor, or subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor; and
>
>    (2) that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.

TEX. CIV. PRAC. & REM. CODE § 95.002. Thus, two requirements must be met before a suit for a worker's injuries falls within the parameters of Chapter 95. First, the suit must be brought by and against a party specified in § 95.002(1); second, the claim must "arise from" an activity involving a modification or improvement to the property. *Petri v. Kestrel Oil & Gas Props., L.P.*, 878 F. Supp. 2d 744, 770 (S.D. Tex. 2012); *Williamson v. Paccar, Inc.*, No. 4:06-CV-282, 2007 WL 2264720, at *3 (E.D. Tex. Aug. 6, 2007); *Vanderbeek v. San Jacinto Methodist Hosp.*, 246 S.W.3d 346, 350 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Phillips v. Dow Chem. Co.*, 186 S.W.3d 121, 131 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The second prong of the statute is satisfied so long as the contractor makes a modification, renovation, repair, or refurbishment to any permanent structure attached to the land. *Francis v. Coastal Oil & Gas Co.*, 130 S.W.3d 76, 85 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see Sonnier v. Chisholm-Ryder Co., Inc.*, 909 S.W.2d 475, 479 (Tex. 1995).

A "property owner," as defined in Chapter 95, is "a person or entity that owns real property primarily used for commercial or business purposes." TEX. CIV. PRAC. & REM. CODE § 95.001(3). A "claim" is defined as "a claim for damages caused by negligence." TEX. CIV. PRAC. & REM. CODE § 95.001(1). The Supreme Court of Texas recently held that "Chapter 95 applies to *all* independent contractor claims for damages caused by a property owner's negligence when the requirements of section 95.002(2) are satisfied." *Abutahoun v. Dow Chem. Co.*, 463

S.W.3d 42, 43 (Tex. 2015) (emphasis added). Moreover, when Chapter 95 is applicable to an independent contractor's negligence claim, it is the sole means of recovery against the property owner. *Id.* at 51.

Here, Plaintiffs have asserted damages for UTCC's alleged gross negligence. It is undisputed that UTCC is a property owner and that Alfaro was the employee of a contractor to UTCC. Further, at the time of his death, Alfaro was conducting repairs on railroad tracks, a permanent structure attached to UTCC's real property. Accordingly, because Alfaro's injury arose from his work on UTCC's railcar repair facility, Plaintiffs' claims against UTCC fall within the scope of § 95.002.

### D. Chapter 95 Burden of Production

The defense has the initial burden of establishing that Chapter 95 applies to the case. *Gorman v. Meng*, 335 S.W.3d 797, 802 (Tex. App.—Dallas 2011, no pet.); *Rueda v. Paschal*, 178 S.W.3d 107, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see Jones v. Apache Corp.*, No. G-05-499, 2007 WL 656268, at *2 (S.D. Tex. Feb. 27, 2007); *Moreno v. BP Am. Prod. Co.*, No. 04-08-00036, 2008 WL 4172248, at *2 (Tex. App.—San Antonio, Sept. 10, 2008, no pet. h.). Once it is shown that Chapter 95 applies, however, the burden shifts to the plaintiff to show that the defendant is not protected from liability under § 95.003. *Rueda*, 178 S.W.3d at 111. Specifically, in order to prevail against a defendant's motion for summary judgment, the plaintiff must show: (1) that the defendant had control over the dangerous condition which caused the injury; and (2) that the defendant had actual knowledge of that condition and failed to warn him adequately about the danger. *Phillips*, 186 S.W.3d at 133 ("the plaintiff has to present evidence demonstrating triable issues of fact concerning both required elements of section 95.003 to

9

overcome [the] statute's general rule of nonliability" upon a defendant's motion for summary judgment); *see Ellwood Tex. Forge Corp. v. Jones*, 214 S.W.3d 693, 700 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Rueda*, 178 S.W.3d at 110; *Dyall*, 152 S.W.3d at 699; *Kelly v. LIN Television of Tex., L.P.*, 27 S.W.3d 564, 567 (Tex. App.—Eastland 2000, pet. struck).

1. Control Under § 95.003(1)

Pursuant to § 95.003, UTCC cannot be held liable unless Plaintiffs show that UTCC exercised or retained some control over the manner in which the work was performed. TEX. CIV. PRAC. & REM. CODE § 95.003. The requirements are clear: to penetrate the shield of non-liability, the premises owner's control must extend to the "means, methods, or details" of the independent contractor's work to such an extent that "the contractor is not entirely free to do the work in his own way." *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 804 (Tex. 1999) (quoting RESTATEMENT (SECOND) OF TORTS § 414 at cmt. c); *accord Moreno*, 2008 WL 4172248, at *3; *Ellwood Tex. Forge*, 214 S.W.3d at 700; *Gaspard v. DuPont Dow Elastomers, L.L.C.*, 140 S.W.3d 415, 419 (Tex. App.—Beaumont 2004, no pet.). A general right to order work to start or stop, to inspect progress and receive reports, to make suggestions or recommendations that need not necessarily be followed, or to prescribe alterations and deviations does not trigger liability. *Hoechst-Celanese Corp. v. Mendez*, 967 S.W.2d 354, 356 (Tex. 1998) (quoting RESTATEMENT (SECOND) OF TORTS § 414 at cmt. c); *see* TEX. CIV. PRAC. & REM. CODE § 95.003(1); *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002); *Vanderbeek*, 246 S.W.3d at 351; *Bartee v. Baylor Coll. of Med.*, No. 14-06-00324-CV, 2007 WL 2989614, at *3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2007, no pet.). The premises owner's control must also relate to the activity that actually caused the injury. *Arsement v. Spinnaker Expl. Co., LLC*, 400 F.3d 238, 252 (5th

Cir. 2005); *Elliott-Williams Co.*, 9 S.W.3d at 804; *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 226 (Tex. 1999); *Ellwood Tex. Forge Corp.*, 214 S.W.3d at 700.

Although the ownership of property generally carries with it the right to control such property, this overarching principle does not address the type of control contemplated by Chapter 95—control over the "means, methods, or details" of an independent contractor's work. *Union Carbide Corp. v. Smith*, 313 S.W.3d 370, 375 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). As one federal court explained, "[t]he clear language of Section 95.003(1) indicates that the property owner must retain control over the plaintiff's *work*, not the object or improvement causing the alleged injury, in order to be held liable." *Williamson*, 2007 WL 2264720, at *4 (emphasis in original).

In the instant case, UTCC asserts in a conclusory manner that "there is no evidence that UTCC exercised or retained sufficient control over the manner in which [Alfaro] performed his work, other than the right to order the work to start or stop or to inspect progress or receive reports." In response, Plaintiffs proffer the deposition of Eric, Alfaro's son, and the purchase orders for the work done by Bayou.

Eric was also an employee of Bayou and worked as a laborer on the UTCC project.[4] At deposition, Eric testified that UTCC controlled Alfaro's work by requiring daily management control meetings with Lawrence, a UTCC employee. According to Eric, neither he nor his father knew what they would be doing at work each day until Alfaro reported to the office. At the office, Lawrence would instruct Alfaro and his crew regarding their tasks for the day.

---

[4] Eric was the first person to find Alfaro after the accident. He did not return to work at Bayou after his father's death.

11

Furthermore, the purchase orders for the work done by Bayou clearly state that Bayou had to conduct its work at UTCC's "direction." Based on this evidence, a reasonable jury could conclude that UTCC exercised or retained some control over the manner in which Alfaro's work was performed. Accordingly, Plaintiffs have established that a genuine issue of material fact exists with regard to this element.

2. Knowledge Under § 95.003(2)

Chapter 95 mandates that the owner have actual knowledge of the dangerous condition resulting in personal injury, death, or damage for liability to arise. TEX. CIV. PRAC. & REM. CODE § 95.003(2); *Pasadena Ref. Sys., Inc. v. McCraven*, No. 14-10-00837-CV, 2012 WL 1693697, at *6 (Tex. App.—Houston [14th Dist.] May 15, 2012, pet. dism'd); *Dyall*, 152 S.W.3d at 707 n.18 (citing *Bishop v. Nabisco, Inc.*, No. 14-03-00639-CV, 2004 WL 832916, at *3 (Tex. App.—Houston [14th Dist.] 2004, no pet.)); *accord Williamson*, 2007 WL 2264720, at *5. Knowledge that an activity is potentially dangerous is not sufficient to meet this requirement. *Dyall*, 152 S.W.3d at 707 n.18 (citing *Bishop*, 2004 WL 832916, at *3); *accord Williamson*, 2007 WL 2264720, at *5. Hence, "knowledge of the dangerous condition" within the meaning of the statute requires that the observer actually know that the condition is dangerous. *Rueda*, 178 S.W.3d at 110-111. Additionally, the dangerous condition known to the defendant must be the same dangerous condition that proximately caused the injury or damage at issue. *See* TEX. CIV. PRAC. & REM. CODE § 95.003(2); *Brocken v. Entergy Gulf States, Inc.*, 197 S.W.3d 429, 439 (Tex. App.—Beaumont 2006, no pet.). Finally, an owner who has actual knowledge of the relevant dangerous condition can still invoke the protection of Chapter 95 if he adequately warns

12

the contractor of the danger. *See* TEX. CIV. PRAC. & REM. CODE § 95.003(2); *Jones*, 2007 WL 656268, at *3.

Before assessing whether UTCC had "actual knowledge of a dangerous condition," the relevant condition that proximately caused the injury must be identified. *James v. Cousins Prop., Tex., L.P.*, No. 03-06-00617, 2008 WL 2220016, at *2 (Tex. App.—Austin May 30, 2008, no pet.); *see Brocken*, 197 S.W.3d at 439-40. Here, the precise condition is the backhoe's tendency to malfunction. More specifically, according to Plaintiffs, the backhoe was known to lose control and spin randomly, and the backhoe's boom would erratically move itself on occasion.

UTCC maintains that there is "no evidence that UTCC had actual knowledge of the danger or condition." As to this element, the court agrees with UTCC. Plaintiffs assert that Alfaro informed UTCC employees regarding the problems with the backhoe. At deposition, Eric testified that Alfaro reported these issues to Trevino. According to Eric's deposition testimony, however, Trevino was a General Manager for Bayou.[5] Thus, Plaintiffs' evidence establishes that Alfaro reported the issues with the backhoe to Bayou, not to UTCC. Plaintiffs do not contend that Trevino relayed this information to anyone at UTCC. Importantly, Chapter 95 mandates that the property owner—in this case, UTCC—have actual knowledge. The record is devoid of any evidence that UTCC had actual knowledge of the alleged dangerous condition on the premises and failed to warn others of the hazard, as required for the imposition of liability under § 95.003(2). Consequently, Plaintiffs have failed to meet their burden, and summary judgment is warranted.

---

[5] In their response, Plaintiffs refer to Trevino as "UTCC's Jeff Trevino," suggesting that he was an employee of UTCC. Nonetheless, at deposition, Eric identifies Trevino as one of the Bayou managers on the UTCC project. Therefore, the evidence before the court demonstrates that Trevino was employed by Bayou, not UTCC.

13

III.     Conclusion

Based on the above analysis, there is insufficient evidence in the record for a reasonable jury to infer that UTCC had the requisite knowledge of a dangerous condition on its premises and failed to warn others.  Thus, Plaintiffs have failed to demonstrate that they satisfy an exception to § 95.003 of the Texas Civil Practice and Remedies Code, which insulates property owners from liability for injuries to employees of independent contractors.  There remain no material facts in dispute, and UTCC is entitled to judgment as a matter of law.  Accordingly, UTCC's motion for summary judgment is GRANTED.

SIGNED at Plano, Texas, this 24th day of May, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE